Opinion filed January 17, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 17,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00036-CR

                                                       ________

 

                                    JOHNNY
RAY OCON, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 70th District Court

                                                           Ector
County, Texas

                                                 Trial
Court Cause No. A-31,766

 



 

                                                                   O
P I N I O N

 

Johnny
Ray Ocon appeals his conviction by a jury of the offense of aggravated sexual
assault of a child.  The jury assessed his punishment at life imprisonment in
the Texas Department of Criminal Justice, Institutional Division.  Ocon
presents four points of error on appeal in which he contends that the trial
court erred in denying him a mistrial when a juror heard an unauthorized person
speak disparagingly about him, in failing to allow him to examine the victim
regarding animosity between Ocon and the victim=s
mother, in refusing to permit him to present testimony by a witness who could
testify about hostility between Ocon and the victim=s mother, and in denying him a new trial for
prosecutorial misconduct in failing to timely disclose potentially exculpatory
evidence.  We reverse and remand for further proceedings.








Ocon
contends in point one that the trial court erred in denying him a mistrial when
a juror heard an unauthorized person speak disparagingly about him.  When a
juror converses with an unauthorized person about the case, injury to the
person is presumed and a new trial may be warranted.  Quinn v. State,
958 S.W.2d 395, 401 (Tex. Crim. App. 1997).  However, the State may rebut the
presumption of harm.  Id.  In determining whether the State rebutted the
presumption of harm, appellate courts should defer to the trial court=s resolution of the
historical facts and its determinations concerning credibility and demeanor.  Id. 
They should afford the same amount of deference to the trial court=s rulings on Aapplication of law to fact
questions,@ also known
as Amixed questions of
law and fact,@ if the
resolution of those ultimate questions turns upon an evaluation of credibility
and demeanor.  Id. 

During
a recess in the trial, counsel for Ocon reported that, upon entering the men=s restroom at the courthouse,
he heard someone say, ABrenda.@  Naturally, there was no
one named ABrenda@ in the men=s room.  He then heard the
person, who was apparently talking on a cell phone while using the restroom=s facilities, say, AThey=ve got me on this damn jury.  I don=t know why the hell they
picked me.  I would rather be on a double ax murderer than this damn case.@  The caller continued
talking, saying, AIt=s dirty, disgusting.@  Shortly thereafter, the
caller said, ANo,
unless we convict the bastard today, then I=m
kind of stuck here.@ 
Ocon=s counsel
indicated that another juror was in the restroom while the caller was having
this conversation.  He reported that the restroom was so small that one could
not help but overhear everything.  Defense counsel also emphasized that someone
in the restroom can hear when someone walks in or is using a urinal.  Defense
counsel sought a mistrial.








 
After hearing from defense counsel, the trial court indicated its reluctance to
interview the involved jurors individually because it would accentuate the
problem or to grant a mistrial because that would assume that the jury would
not follow its instructions Aat
this point.@  The
trial court also expressed the desire that the defendant receive a fair trial. 
The trial court denied the motion for mistrial but stated that the court would
look for some way to make the jurors realize that there is Amore to this than maybe
their sentiments about the case so far.@ 
The two jurors were not questioned as to the conversation, whom it was with, or
whether it was communicated to any other juror.  Much later, near the
conclusion of all testimony, the trial court repeated its instruction to the
jury concerning the importance of not discussing the case even among
themselves, not forming or expressing any opinion, and keeping an open mind. 
No evidence was presented rebutting the presumption that the unauthorized
communication by one of the jurors was harmful to Ocon.  There is no indication
that the trial court=s
ruling turned on the trial court=s
evaluation of credibility or demeanor.  We hold that the trial court abused its
discretion by not granting Ocon=s
motion for mistrial.  

In
addition to speculation concerning to whom the caller was talking and to what
the caller might later have said in the jury room during deliberations, the
State relies upon the cases of Rousseau v. State, 855 S.W.2d 666, 683
(Tex. Crim. App. 1993), and Bauder v. State, 921 S.W.2d 696, 698 (Tex.
Crim. App. 1996).  We find both cases to be distinguishable.  In Rousseau,
the bailiff testified he could hear someone in the jury room making some
comment about the defendant not testifying.  Rousseau, 855 S.W.2d at
682.  The State pointed out that for all anyone knew it could be someone
reading the portion of the court=s
charge that admonished the jury not to consider the defendant=s failure to testify.  Id.
at 683.  The trial court overruled the defendant=s motion for mistrial that was based on the
bailiff=s testimony.  Id. 
At the hearing on the defendant=s
motion for new trial, the State presented the affidavit of a juror who said
that no one mentioned the defendant=s
failure to testify, other than reading the court=s
charge, and that the verdict was based on the evidence that was heard.  Id.
The juror swore that the defendant=s
failure to testify was not considered as evidence in any form or fashion at any
stage of the deliberations.  Id.  The court held that, due to the
speculative nature of the bailiff=s
testimony and in light of the proper charge instructions addressing the issue,
the trial court did not abuse its discretion in refusing to disrupt the jury
during deliberations in order to re-instruct the jury on an issue already
included in the charge.  Id.  In the case at bar, the testimony
concerning the misconduct was clear, not speculative.  Also, in the case at
bar, no evidence was ever presented as to whom the juror was talking or to what
extent the juror=s
comments might have been passed on to other jurors.








In
Bauder, the court held that ordinarily, when a party seeks to introduce
objectionable evidence, a mistrial being an extreme remedy for prejudicial
events occurring during the trial process, a sustained objection and
instruction to disregard are sufficient remedies for residual prejudice
remaining after objections are sustained and curative instructions given.  Bauder,
921 S.W.2d at 698.  Unlike Bauder, the case at bar involves jury
misconduct, not evidence introduced at trial.  We do not consider the State=s speculation about to whom
the caller might have been talking or to what the caller might later have said
during deliberations to be evidence rebutting the presumption of harm to Ocon
resulting from the jury misconduct.  We sustain point one.  In view of our
determination of this point, we need not consider the remaining points
presented by Ocon.

We
reverse the judgment and remand for further proceedings.  

 

PER CURIAM

 

January 17, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.